FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) RYAN MEHL
(Name of Plaintiff)    (Inmate Number)
PO Box 999, 1120 Pike St
Huntingdon, PA 16652
(Address)

(2) _____
(Name of Plaintiff)    (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) Corrections officer John Doe 1
    Corrections officer John Doe 2
(2) Corrections Lieutenant Smith
                    EICHENLAB
(3) Corrections Captain ~~Eichlead~~
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

_____
(Case Number)

CIVIL COMPLAINT

FILED
WILLIAMSPORT
JUL 09 2020
PER _____ 
DEPUTY CLERK

TO BE FILED UNDER:  ✓ 42 U.S.C. § 1983 – STATE OFFICIALS

_____ 28 U.S.C. § 1331 – FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

   A.  If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case Number including year, as well as the name of the judicial officer to whom it was assigned:

   _____
   _____
   _____
   _____

1

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present Claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? _____

2. What was the result? _____

D. If you answer to "B" is No, explain why not: _____

III. DEFENDANTS

(1) Name of first defendant: _____
Employed as _____ at _____
Mailing address: _____

(2) Name of second defendant: _____
Employed as _____ at _____
Mailing address: _____

(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. _____ See attached Complaint _____

2. _____

_____

_____

3. _____

_____

_____

V.  RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.  _____ See attached complaint _____

_____

_____

2. _____

_____

_____

3. _____

_____

_____

I declare under penalty of perjury that the forgoing is true and correct.

Signed this 2nd day of June, 20 20.

x Ryan Mele
(Signature of Plaintiff)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RYAN MEHL, PLAINTIFF
    VS.
CORRECTIONS OFFICER JOHN DOE 1
CORRECTIONS OFFICER JOHN DOE 2
CORRECTIONS LUETENANT SMITH
CORRECTIONS CAPTAIN EICHENLAB

CASE NO. _____
JURY TRIAL DEMANDED

## COMPLAINT WITH JURY DEMAND

### INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY RYAN MEHL, A STATE PRISONER, FOR DAMAGES AND INJULTIVE RELIEF UNDER 42 U.S.C. 1983. ALLEGING OFFICIAL OPPRESSION IN AN EXCESSIVE USE OF FORCE. ASWELL AS DENIAL OF RIGHT TO DUE PROCESS IN VIOLATION OF THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

### JURISDICTION

1. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF A VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER 42. U.S.C. 1331(1) AND 1343.

2. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIM UNDER 28 U.S.C. 1367.

### PARTIES

3. THE PLAINTIFF, RYAN MEHL, CURRENTLY INCARCERATED AT STATE CORRECTIONAL INSTITUTION AT SCI-SMITHFIELD DURING THE EVENTS DESCRIBED IN THIS COMPLAINT.

4. DEFENDANT JOHN DOE 1. IS A CORRECTIONAL OFFICER EMPLOYED AT SCI-SMITHFIELD. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

5. DEFENDANT JOHN DOE 2. IS A CORRECTIONAL OFFICER EMPLOYED AT SCI-SMITHFIELD. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

6. DEFENDANT LUETENANT SMITH. IS A CORRECTIONAL LUETENANT AT SCI-SMITHFIELD AND IS RESPONSIBLE FOR GIVING THE ORDER TO SPRAY THE PLAINTIFF WITH ORDER CONTROL SPRAY IN VIOLATION OF THE PLAINTIFF'S RIGHT TO PEACEFULLY ASSEMBLE. AND RIGHT TO DUE PROCESS. ASWELL AS IN VIOLATION AND EXCEEDING THE MINIMUM AMOUNT OF FORCE ESTABLISHED IN THE DEPARTMENT OF CORRECTIONS CODE OF ETHICS POLICY AND PROCEDURE PART B SPECIFIC RULES AND REGULATION - D.O.C SECTION 2. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

1

7. DEFENDANT CAPTAIN EICHENLAB, IS A CORRECTIONAL SECURITY CAPTAIN EMPLOYEED AT SCI-SMITHFIELD. HE IS RESPONSIBLE FOR THE SUPERVISION AND TRAINING OF ALL OFFICERS ASSIGNED TO THE SECURITY OFFICE AT SCI-SMITHFIELD. HE IS SUED IN HIS INDIVIDUAL CAPACITY.

FACTS

8. ON OCTOBER 22, 2019, THE PLAINTIFF WAS LOCATED IN THE T.V. ROOM LOCATED ON FA BLOCK AT SCI-SMITHFIELD. STATE CORRECTIONAL INSTITUTION LOCATED IN HUNTINGDON, P.A.

9. WHILE THE PLAINTIFF WAS SITTING PEACEFULLY, HANDCUFFED IN A SEATED POSITION WITH CAMERA RECORDING. DEFENDANT LUETENANT SMITH ORDERD DEFENDANT JOHN DOE 1 TO SPRAY THE PLAINTIFF WITH ORDER CONTROL SPRAY.

10. THE PLAINTIFF WAS THEN FORCEFULLY DRAGGED FROM FA BLOCK TO MEDICAL DEPARTMENT LOCATED HUNDREDS OF YARDS AWAY.

11. THE DEFENDANT'S ACTIONS AND DEPLOYMENT OF CHEMICAL AGENT WAS IN VIOLATION OF THE MINIMUM AMOUNT OF FORCE AUTHORIZED LIKEWISE THE DEFENDANT'S ACTIONS IN DRAGGING THE PLAINTIFF.

12. THE PLAINTIFF HADN'T BROKEN ANY RULE OR POLICY TO SUFFER LOSS OF LIBERTY OR TO BE PLACED IN SOLITARY CONFINMENT WITHOUT DUE-PROCESS PRIOR TO BEING DEPRIVED HIS LIBERTY.

13. THE PLAINTIFF WAS PLACED IN SOLITARY CONFINMENT IN VIOLATION TO HIS FEDERAL CONSTITUTIONAL RIGHTS. HAVING SUFFERED INJURY AND HAVING DAMAGE TO BOTH HIS EYES AND PERMENANT DAMAGE TO HIS VISION. THE PLAINTIFF WAS CHARGED TO BE SEEN BY OPTOMETRIST. HAD TO PURCHASE NEW/STRONGER PERSCRIPTION GLASSES DUE TO DAMAGES RECIEVED FROM DEFENDATS ACTIONS IN EXCESSIVE USE OF FORCE AND ABUSE HE WAS SUBJECTED TOO.

14. THE PLAINTIFF SUFFERED MIGRAIN HEADACHES AND BLURRED VISION WHILE AWAITING NEW PERSCRIPTION LENS TO ASSIST HIS DAMAGED VISION.

15. UPON BEING BROUGHT BEFORE A HEARING EXAMINER DAYS AFTER BEING SUBJECTED TO LOSS OF LIBERTY. THE PLAINTIFF WAS DEPRIVED A FREE AND FAIR OPPORTUNITY IN ACCORDANCE WITH THE DUE PROCESS THE UNITED STATES CONSTITUTION GAURANTEES. AS PARTICULAR ALLEGATIONS TRULY PRESENTED THE POSSIBILITY OF FURTHER LOSS TO PLAINTIFF'S LIBERTY INTEREST. BEING THE POSSIBILITY OF CRIMINAL CHARGES EXISTED.

16. THE EVIDENCE WAS NOT PERMITED TO PLAINTIFF TO CROSS EXAMINATION, NOR WAS THE PLAINTIFF PERMITTED TO HOLD HIS OWN INVESTIGATIONS TO COMPLIE FACTS TO HIS INNOCENCE.

17. THE HEARING EXAMINER WAS NOT FAIR AND IMPARTIAL HIS ACTIONS VIOLATED BOTH THE D.O.C. L.O.L ASWELL AS THE U.S.L. AND PLAINTIFF'S RIGHT TO DUE PROCESS.

18. HEARING EXAMINER BY MAKING JEST OF PLAINTIFF HAVING RECIEVED A (60) SIXTY DAY DISIPLINARY SANCTION FOR THREATENING HEARING EXAMINER AT PRIOR HEARING. WHEREAS THE HEARING EXAMINER COMMENTED TO THIS COMMENTS FALSEHOOD AND WAS SAID AS A JOKE.

19. WHEREAS THE PLAINTIFF RESPECTFULL RESPONSE WAS TO THIS MATTER BEING SERIOUS AND NOT FINDING IT COMICAL TO JOKE THAT PLAINTIFF HAD BROKEN D.O.C. RULES WHEN IN FACT HE HADN'T. AND CURRENTLY WAS ATTEMPTING TO PRESENT THE FACTS TO PROVE INNOCENCE ON PENDING MATTER.

20. WHILE THE PLAINTIFF WAS EXPRESSING THE NEED FOR HEARING EXAMINER TO CONDUCT HIMSELF IN A MANNER TO RESPECT THE INTEGRITY OF THE HEARING. HE WAS FURTHER DEPRIVED DUE PROCESS. ONCE AGAIN BEING FORCEFULLY YANKED FROM A SEATED AND FEATERD POSISITION. DRAGGED FROM HEARING ROOM BY DEFENDANT JOHN DOE2 AS HE STATED "I DON'T OR WON'T LISTEN TO THIS SHIT." HIS ACTIONS NOT DIRECTED BY THE HEARING EXAMINER TERMINATED THE PLAINTIFF'S HEARING RESULTING IN PLAINTIFF BEING FOUND GUILTY OF CHARGES IN VIOLATION OF ONCE AGAIN DUE PROCESS OF LAW STILL APPLICABLE TO HEARINGS WHITH CHARGES OF POSSESSION OF CONTROLLED SUBSTANCE.

21. FOLLOWING HEARING THE PLAINTIFF CONTINUED TO RESPECTFULLY PRESENT FACTUAL FINDING TO HIS INNOCENCE THROUGH MISCONDUCT APPEAL PROCESS. RESULTING IN FACING ABUSIVE LITIGATION TACTICS IN PLACE AT SCI-SMITHFIELD TO OBSTRUCT FREE AND FAIR OPPORTUNITY TO APPEAL PROCESS. EITHER BY DENIAL OR DELAY TO BEING PROVIDED REQUIRED APPEAL FORMS. ASWELL AS OBSTRUCTIONS AND OR LIMITATIONS OR DELAY TO FREE ACCESS TO THE MAIL. WHICH THE PLAINTIFF DOCUMENTED PROVEN BY SECURITY CAMERAS LOCATED IN THE RHU K BLOCK AT SCI-SMITHFIELD AT 6:18 AM ON 2-25-2020 IN VIEW OF THE SECURITY CAMERA RHU SGT REFUSE TO PLACE BOTH PLAINTIFFS OUTGOING MAIL AND INMATE HOUSED IN #6 CELL'S MAIL IN MAILBOX. RESULTING IN TIME SESITIVE MATERIAL BEING DELAYED AS RHU SGT'S RESPONSE TO INMATES INFORMING HIM OF MISSING PIECES OF MAIL WAS "YOU CAN PLACE IT IN THE BOX WHEN YOU COME OUT." WHEREAS SGT HAS KNOWLEDGE TO RHU INMATES NOT LEAVING THEIR CELLS OR BEING PERMITTED TO SUCH ACTIONS. HIS ACTION OR INACTION DEPRIVED THE PLAINTIFF OF THE RIGHTS GAURENTEED BY FIRST AMENDMENT. OF THE UNITED STATES CONSTITUTION.

7

EXHAUSTION OF ADMINISTRATIVE REMEDIES

22. THE PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES TO ALL CLAIMS AND DEFENDANTS.

CLAIMS FOR RELIEF

23. THE ACTIONS OF DEFENDENT JOHN DOE 1 AND DEFENDANT SMITH IN USING CHEMICAL AGENT AGAINST THE PLAINTIFF, HIM ALREADY BEING SEATED AND HANDCUFFED AND PEACEFULL, THEN CONTINUING TO EXCEED THE AUTHORIZED MINIMUM AMOUNT OF FORCE IN DRAGGING THE PLAINTIFF A LENGTHY DISTANCE CAUSED PHYSICAL AND PHYSIOLOGICAL DAMAGES. IN PLAINTIFF'S VISION BEING DAMAGED TO THE POINT OF NEEDING ADJUSTED PERSCRIPTION EYEWEAR. ASWELL AS AN INTENTIONAL INFLICTION OF EMOTIONAL SUFFERING. CAUSING ANXIETY AND DEPRESSION WHEREAS THE PLAINTIFF EXPEIRIENCED SUICIDAL IDIOATIONS ATTEMPTIMP SUICIDE NEARLY COSTING THE PLAINTIFF LOSS OF LIFE.

24. THESE OFFICERS ACTIONS WHERE IN CLEAR VIOLATION OF THE DEPARTMENT OF CORRECTIONS CODE OF ETHICS POLICY AND THE THE DEFENDANT'S ACTIONS ASWELL AS INACTIONS IN THE EXCESIVE USE OF FORCE DID SO VIOLATE THE PLAINTIFF'S FIRST, EIGHTH, AND AMENDMENTS RIGHTS OF THE UNITED STATES CONSTITUTION.

25. THE DEFENDANT JOHN DOE 2 IN HIS ACTIONS OF BY YANKING YET AGAIN A SEATED, HANDCUFFED AND PEACEFULL PLAINTIFF FROM HEARING ROOM. DENIED THE PLAINTIFF DUE-PROCESS AND CAUSED HIM TO SUFFER LOSS OF LIBERTY IN ABBSENCE OF FULL AND FAIR HEARING.

26. THE ACTIONS/INACTIONS OF DEFENDANT CAPTAIN ECHENLAB IN FAILING TO PROPERLY SUPERVISE OR TRAIN EMPLOYEES UNDER HIS SUPERVISION CAUSED THE PHYSICAL AND EMOTIONAL SUFFERINGS THE PLAINTIFF WAS FORCED TO ENDORE AGAIN IN VIOLATION OF THE FIRST, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE U.S CONSTITUTION.

RELIEF REQUESTED

WHEREFORE, THE PLAINTIFF REQUEST THAT THE COURT GRANTS THE FOLLOWING RELIEF

A. ISSUE A DECLATORY JUDGEMENT STATING THAT:

1. THE ACTIONS OR INACTION OF THE DEFENDANTS WHERE IN VIOLATION TO THE UNITED STATES CONSTITUTION. RESULTING IN AN INTENTIONAL INFLICTION OF EMOTIONAL SUFFERINGS. DAMAGE TO THE PLAINTIFF'S VISION CAUSING HIM TO SUFFER MIGRANE HEADACHES. THAT DEPRIVING THE PLAINTIFF TO A FAIR HEARING VIOLATED DUE PROCESS. CAUSING PLAINTIFF TO SUFFER A LOSS A LIBERTY AND UNLAWFULL DETENTION IN SOLITARY CONFINMENT IN VIOLATION OF CLEARLY ESTABLISHED STATE AND FEDERAL LAWS.

4

2. DEFENDANT CAPTAIN EICHENLAD'S FAILURE TO TRAIN AND OR SUPERVISE HIS EMPLOYEE'S RESULTED IN BOTH DAMAGE TO PLAINTIFF'S VISION, ASWELL AS EXPOSSING THE PLAINTIFF TO UNDUE DEPRIVATION TO HIS CONSTITUTIONAL FREEDOMS. BEING HIS THE DEFENDANT'S ACTIONS/INACTIONS RESULTED IN EXCESSIVE USE OF FORCE WHERE HIS EMPLOYEES SHOULD HAVE KNOWN ONLY CONSTITUTED A MINIMAL AMOUNT OF FORCE IF ANY AT ALL.

B. 1. ISSUE AN INJUNCTION ORDERING THE DEFENTANT'S TO HAVE THE PLAINTIFF MOVED TO NEW FACILITY AS PER SCI-SMITHFIELDS RECOMENDATIONS. PRIOR TO THE PLAINTIFF BE RE-EMBURSED FOR THE COST FOR VISIST AND ADJUSTMENTS MADE TO PERSCRIPTION LENSE.

2. DISCONTINUE THE HARASSMENT AND INTIMIDATION PLAINTIFFS CONTINUES TO SUFFER IN VIOLATION OF THE UNITED STATES CONSTITUTION AND D.O.C. POLICY.

C. AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS:

1. $50,000 JOINTLY AND SEVERALLY AGAINST DEFENDANT JOHN DOE1 AND JOHN DOE2 ASWELL AS LUETENANT SMITH FOR CLEAR VIOLATION TO PLAINTIFF'S CONSTITUTIONAL RIGHTS AND THE DAMAGES/SUFFERINGS HE WAS EXPOSED TO RESULTING DEFENDANTS ACTIONS.

2. $50,000 AGAINST DEFENDANT CAPTAIN ECHENLAUD, FOR FAILING TO PROPERLY TRAIN AND SUPERVISE EMPLOYEES UNDER HIS SUPERVISION WHICH DIRECTLY IS CAUSE TO PLAINTIFF'S CONSTITUTIONAL RIGHTS BEING VIOLATED AND FORCED HIM TO SUFFER LOSS AND DAMAGES RESULTING FROM CAPTAIN ECHENLAUB'S INACTIONS.

D. AWARD PUNITIVE DAMAGES IN THE FOLLOWING AMOUNT:

1. $25,000 EACH AGAINST DEFENDANT JOHN DOE1, JOHN DOE2, LUETENANT SMITH AND CAPTAIN ECHENLAUB.

DATE June 2nd 2020

RESPECTFULLY SUBMITTED
Ryan Mehl
RYAN MEHL PRO SE

5

SCI-Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

U.S District Courthouse
The Federal Building
240 West Third Street
Suite 218
Williamsport, PA 17701

