# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN MEHL,** | : | |
|     **Plaintiff** | : | |
| | : | No. 1:20-cv-1173 |
|     v. | : | |
| | : | (Judge Rambo) |
| **SMITH, et al.,** | : | |
|     **Defendants** | : | |

### MEMORANDUM

Before the Court is Plaintiff Ryan Mehl ("Plaintiff")'s motion, seeking a temporary restraining order and preliminary injunction. (Doc. No. 82.) For the reasons that are set forth below, the Court will deny Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff, who is proceeding pro se, is currently incarcerated at the State Correctional Institution in Marienville, Pennsylvania (hereinafter, "SCI-Forest"). He has brought this civil rights action pursuant to 42 U.S.C. § 1983, regarding events that purportedly occurred at the State Correctional Institution in Huntingdon, Pennsylvania (hereinafter, "SCI-Smithfield"), where he was previously incarcerated. (Doc. No. 1.) In particular, he alleges violations of his First, Eighth, and Fourteenth Amendment rights (id. at 1), claiming that Defendants used excessive force against him, placed him in solitary confinement, denied him due process at a disciplinary hearing, and thwarted his ability to pursue the misconduct appeal process (id. at ¶¶ 8- 21).

Named as Defendants are four SCI-Smithfield employees. They are Corrections Lieutenant Smith ("Smith"), Corrections Captain Eichenlab ("Eichenlab"), and Corrections Officers John Doe 1 and John Doe 2.  (Id. at ¶¶ 4-7.) John Doe 1 and 2 have since been identified by Plaintiff as R.E.

Miller (Doc. No. 60) and Prichard (Doc. No 24).  Defendants filed an answer to the complaint on November 17, 2021.  (Doc. No. 67.)

The Court has since directed the parties to complete discovery by December 30, 2021, and to file any dipositive motions by January 31, 2022.  (Doc. No. 72.)  Consistent with that directive, Plaintiff filed a motion for partial summary judgment on December 14, 2021, and Defendants filed a motion for summary judgment on January 31, 2022.  (Doc. No.  89.)  In addition to his motion for partial summary judgment, however, Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction (Doc. No. 82), which is ripe for disposition.  Although Plaintiff's motion for partial summary judgment is also ripe for disposition, Defendants' motion for summary judgment is not and, thus, the Court will address the parties' cross-motions on a later date.

With respect to Plaintiff's motion for a temporary restraining order and preliminary injunction, Plaintiff broadly claims that he does not have meaningful access to the courts because he is being denied access to the law library and legal materials in retaliation, harassment, and intimidation for filing the civil rights complaint in this matter, as well as inmate grievances.  (Doc. Nos. 82, 83, 84.)  As a result, he seeks an order that would require Defendants "to forever cease and desist from all retaliation, harassment, and intimidation," and that would ensure that he "is without interruptions or interference" in his ability to access the courts through the law library and legal materials.  (Doc. No. 84, at ¶ 11.)[1]

In response to Plaintiff's motion, however, Defendants argue that Plaintiff has not met the elements that are required to be granted a temporary restraining order or preliminary injunction.

---

[1] Plaintiff filed his motion for a temporary restraining order and preliminary injunction while incarcerated at SCI-Forest. (Doc. No. 82 at 4.)

2

(Doc. No. 88.)  For the reasons that are set forth below, the Court agrees and, thus, the Court will deny Plaintiff's motion, seeking a temporary restraining order and preliminary injunction.

**II.    LEGAL STANDARD**

The standard for analyzing a motion for a temporary restraining order is the same as that for a motion seeking a preliminary injunction.  See Little v. Mottern, No. 14-cv-953, 2015 WL 5954350, at *1 (M.D. Pa. Oct. 13, 2015) (citing Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994)).  "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'"  Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (quoting American Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994)

In determining whether to grant such injunctive relief, district courts are to consider the following four factors: (1) likelihood that the moving party will prevail on the merits at final hearing; (2) the extent to which the moving party is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest.  Ramsay v. Nat'l Bd. of Med. Examiners, 968 F.3d 251, 256 (3d Cir. 2020), cert. denied, 141 S. Ct. 1517, 209 L. Ed. 2d 255 (2021).

"The first two factors are prerequisites for a movant to prevail."  Holland v. Rosen, 895 F.3d 272, 286 (3d Cir. 2018).  Thus, "[i]f these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."  Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017).  Ultimately, it is the moving party who bears the burden of

demonstrating that these factors have been satisfied. See Dorfman v. Moorhous, No. 93-cv-6120, 1993 WL 483166, at *1 (E.D. Pa. Nov. 24, 1993).

### III. DISCUSSION

Upon consideration of the standard set forth above, the Court finds that Plaintiff has not demonstrated that he is entitled to the preliminary injunctive relief that he requests. As an initial matter, it appears that Plaintiff seeks preliminary injunctive relief against individuals who are not parties to this action. It further appears that the nature of the preliminary injunctive relief that Plaintiff seeks is not related to the claims in his complaint. Compare Doc. No. 1, at ¶¶ 8-21 (raising claims against Defendants employed by SCI Smithfield for allegedly using excessive force against him, placing him in solitary confinement, denying him due process at a disciplinary hearing, and thwarting his ability to pursue the misconduct appeal process) with Doc. No. 82 (seeking a temporary restraining order and preliminary injunctive relief, while incarcerated at SCI-Forest, on the basis that he is being denied meaningful access to the courts and is suffering retaliation, harassment, and intimidation for seeking relief through this lawsuit and inmate grievances).[2]

"'While a preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally, an injunction should not issue when 'it deals with a matter lying wholly outside the issues in the suit.'" Pinson v. United States, No. 17-cv-00584, 2017 WL 5158628, at *6 (M.D. Pa. Nov. 7, 2017) (quoting De Beers Consolidated Mines

---

[2] Although Plaintiff has stated that Defendants are "enjoining their fellow officers, agents, employees, and all persons" and are "acting in concert" (Doc. 84, at ¶ 10), Plaintiff has offered no facts in support of this statement. Indeed, Plaintiff's motion and supporting documents are completely void of any factual allegations regarding when he was denied access to the law library or legal materials, the reason for which he was denied access, or exactly who denied him the access. Although Plaintiff does mention "a misrepresented and fraudulent log sheet with false times and dates of having obtained access to [the] law library . . ." (Doc. No. 84 at ¶ 7), Plaintiff has not provided the Court with any further details or context regarding that sheet.

v. United States, 325 U.S. 212, 220 (1945)); see also Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (unpublished) ("[T]here must be a relationship between the injury claimed in the party's motion [for preliminary injunctive relief] and the conduct asserted in the complaint." (citations and internal quotation marks omitted); Adams v. Freedom Forge Corp., 204 F.3d 475, 489–90 (3d Cir. 2000) (holding that a preliminary injunction was not appropriate where the harm alleged in the request for preliminary injunctive relief was "insufficiently related to the complaint and [did] not deserve the benefits of protective measures that a preliminary injunction affords." (citations omitted)).  Consequently, because the nature of the preliminary injunctive relief that Plaintiff seeks is not sufficiently related to the claims he has raised in his complaint, the Court finds that Plaintiff is not entitled to such injunctive relief.

Even if, however, Plaintiff could show a sufficient relationship between the claims in his complaint and the nature of the preliminary injunctive relief he seeks, the Court would still find that Plaintiff has failed to meet his burden in demonstrating that he will irreparably injured if his motion is not granted.  To prove "irreparable injury," a plaintiff must demonstrate a "clear showing of immediate irreparable injury . . . or a presently existing actual threat[.]" Cont'l Grp., Inc. v. Amoco Chem. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citations, internal citations, and internal quotation marks omitted).

Here, despite Plaintiff filing a brief and declaration in support of his motion for a temporary restraining order and preliminary injunction, Plaintiff has not asserted any factual allegations which would demonstrate how his alleged inability to use the law library or legal materials will cause him to suffer an immediate, irreparable injury, or cause him to face an actual threat of injury, if the motion is not granted.  Moreover, the Court has reviewed the docket in this matter and observes that Plaintiff has been able to file a motion for partial summary judgment, as well as the

instant motion for a temporary restraining order and preliminary injunction, while incarcerated at SCI-Forest. To the extent, however, that Plaintiff would need to request an extension of time to submit filings in this matter, Plaintiff is advised that he may file a motion with the Court, seeking such an extension.

Accordingly, for all of these reasons, the Court will not grant Plaintiff the extraordinary relief that he seeks and, thus, the Court will deny his motion for a temporary restraining order and preliminary injunction.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 82) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge